**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JONNY TAMBAYONG, | No. 08-70470 |
| Petitioner, | Agency No. A095-629-970 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2011[**]

Before:     B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

Jonny Tambayong, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  Our

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

Tambayong does not challenge the agency's dispositive finding that his asylum application is time-barred or the agency's denial of CAT relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition as to his asylum and CAT claims.

We lack jurisdiction to review Tambayong's contention that there is a pattern or practice of persecution against Christians in Indonesia because he failed to raise this issue to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (no jurisdiction over claims not presented below).

Substantial evidence supports the agency's conclusion that, assuming Tambayong was credible, the incidents of mistreatment, including threats, that he and his family experienced did not constitute persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016-18 (9th Cir. 2003) (discrimination and harassment due to petitioner's religious beliefs did not compel finding of past persecution). Substantial evidence also supports the agency's finding that Tambayong failed to establish a likelihood of future persecution because, even assuming Tambayong's

08-70470

credibility and applying disfavored-group analysis, he did not establish sufficient individualized risk. *Cf. Sael v. Ashcroft*, 386 F.3d 922, 927-29 (9th Cir. 2004). Accordingly, Tambayong's withholding of removal claim fails.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**